

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELGA SUAREZ CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-3111 (UNA) |
| ) | |
| ) | |
| PERU REPUBLIC *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

1

Plaintiff is a resident of Peru, who has sued the Republic of Peru and Peruvian officials for sweeping misconduct. The 133-page pleading is neither short nor plain. A complaint, such as this, "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks and citations omitted). Most importantly, plaintiff's convoluted allegations do not establish jurisdiction under the Foreign Sovereign Immunities Act, which is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Nemariam v. Fed. Democratic Republic of Ethiopia*, 491 F.3d 470, 474 (D.C. Cir. 2007) (internal quotation marks and citation omitted). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____/s/_____  
KETANJI BROWN JACKSON  
Date: November 30, 2020            United States District Judge